NOT DESIGNATED FOR PUBLICATION

No. 115,538

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN W. WOOD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed May 5, 2017.
Affirmed.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam:*  John W. Wood appeals from the district court's denial of his motion for a downward departure, arguing that mitigating factors warranted a departure. Finding no abuse of discretion, we affirm.

*Factual and procedural background*

Wood pleaded guilty to two counts of rape. At the plea hearing, the State summarized the following evidence that would have been offered had the matter

1

proceeded to trial: Wood had been having sex with J.H., his stepdaughter, for years; after Wood was arrested and given *Miranda* warnings, he admitted to having sex with J.H. on multiple occasions; Wood also admitted that J.H. was under the age of 14 when he had sex with her. At the plea hearing, Wood agreed that at trial the State's witnesses would have offered the testimony, as summarized by the State.

After pleading guilty, Wood filed a motion for a durational downward departure from the presumptive life sentence. His motion argued that the departure was justifiable because of three mitigating factors: Wood did not have a significant criminal history, he had accepted responsibility for his actions, and he had a mental disability. Wood's assertion that he had a mental disability was based on an evaluation by Dr. Robert W. Barnett, who determined that Wood had "mild retardation in verbal comprehension and perceptual reasoning" and that Wood was "mildly mentally retarded in processing speed and full scale IQ." Barnett's report indicated, however, that Wood was not suffering from a known mental disease or defect.

At sentencing, the victim's grandparents asked the district court to impose the maximum sentence because for the rest of their lives they would be repairing the damage done to J.H. Despite Wood's objection, the district court allowed Detective Vicki Fogarty to recommend the maximum sentence. Fogarty based her recommendation on her own questioning of Wood and on a recorded conversation that Wood had with his sister while he was in custody. While in custody, Wood had admitted to his sister that he was guilty and said, "I should have stopped it, but I didn't." Fogarty stated that Wood sometimes had sex with J.H. four times a day. According to Fogarty, Wood said that J.H. should also be punished because "it takes two people to make a wrong" and therefore "it should take two people to make it right." Fogarty asserted that the best reason to impose the maximum sentence was Wood's statement: "Would I still take [J.H.] back? Yeah, in a minute."

The State recommended that Wood serve two concurrent presumptive life sentences without the possibility of parole for 25 years. The State argued that Wood's motion for departure should be denied because Wood inflicted immense harm on J.H. and because Wood had violated the position of trust occupied by a stepparent.

Wood advanced multiple mitigating factors to justify a downward departure to a 10-year sentence. Wood argued that because he had a mental disability he was unable to appreciate the criminality of his conduct; that he had also been the victim of sexual abuse during his youth; and that his confession, plea, and waiver of preliminary hearing showed that he had taken responsibility for his actions.

The district court, in ruling on Wood's motion for departure, agreed that Wood's mental disability was a mitigating factor. The district court also found that Wood had taken responsibility by waiving his right to a preliminary hearing and pleading guilty, which had spared J.H. from the difficulty of testifying. The district court thus held that Wood's acceptance of responsibility was also a mitigating factor.

After considering whether mitigating factors existed, the district court considered whether the mitigating factors were "substantial and compelling" reasons to depart from the presumptive sentence. When articulating the legal test, the district court expressly stated that "it's not mitigating versus aggravating . . . you look at the mitigating [factors] . . . then you can look at the facts of this case." The district court denied Wood's motion for departure and held that the facts of the case justified the presumptive life sentence without the possibility of parole for 25 years. The district court held that the mitigating factors were not "substantial and compelling" reasons to depart to a lesser sentence.

*Did the district court abuse its discretion by denying Wood's motion for departure?*

Wood's sole argument on appeal is that the district court abused its discretion by denying Wood's motion to depart from the presumptive life sentence. Wood argues that his diminished mental capacity affected his ability to appreciate the consequences of his conduct. Wood also blames his diminished mental capacity for his prior belief that J.H. was equally culpable to him. Wood contends that his prior belief that J.H. was culpable is mitigated by the fact that Wood pleaded guilty and accepted responsibility. Wood argues that his insignificant criminal history was also a mitigating factor.

The controlling statute requires the sentencing judge to impose the mandatory minimum term of imprisonment, "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(d).

We apply an abuse of discretion standard to an appellate court's review of a district court's determination whether mitigating circumstances are substantial and compelling reasons to grant a departure sentence. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). "Judicial discretion can be abused in three ways:  (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact." *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party claiming that the trial court abused its discretion has the burden to show such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

When considering a departure from a Jessica's Law sentence, the district court must first review the mitigating circumstances without weighing the mitigating circumstances against any aggravating circumstances. *Jolly*, 301 Kan. at 324. Then the district court considers the facts of the case and determines whether the "mitigating

4

circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence." 301 Kan. at 324. Finally, if a departure is warranted, the district court must "state on the record those substantial and compelling reasons." 301 Kan. at 324. Substantial competent evidence "possesses both relevance and substance and . . . furnishes a substantial basis of fact from which the issues can reasonably be resolved." 301 Kan. at 325. The district court in Wood's case correctly followed the law. Wood has not shown that the district court's decision was based on an error of law or fact.

Wood argues that his diminished mental capacity affected his ability to appreciate the consequences of his conduct. However, Wood, who had been having sex with J.H. for years and was J.H.'s stepfather, also told his sister that he should have stopped, but he did not. Wood's statement shows that Wood knew his conduct was wrongful. A reasonable jurist could have found that Wood's diminished mental ability did not prevent him from appreciating the consequences of his actions.

The district court correctly considered whether mitigating factors existed and then considered the facts of the case when ruling on Wood's motion for departure. Based on the mitigating factors and the facts of the case, a reasonable person could agree with the district court and conclude that no substantial and compelling reasons warranted departure from the presumptive life sentence. As a result, the district court did not abuse its discretion when it denied Wood's motion for departure.

Affirmed.